MEMORANDUM *
Manny Lincoln Neves appeals the district court’s decision affirming the bankruptcy court’s order (“Order”) entered March 2, 2006. The parties are familiar with the facts; we proceed to the law. J wrisdictiou
The bankruptcy court had jurisdiction over the subject matter of the Order. Section 1334(e)(1) of Title 28 of the U.S.Code states,
The district court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction of all property, wherever located, of the debt- or as of the commencement of such case, and of property of the estate.
28 U.S.C. § 1334(e)(1). This jurisdiction was appropriately referred by the district court to the bankruptcy court pursuant to 28 U.S.C. § 157(a).
The bankruptcy court’s Order dealt with the allocation and disbursal of *38 funds pursuant to a 44-percent membership interest in Avalon Nevada. The membership interest was held in Neves’s name but remained property of the estate. The property did not revert to Neves upon the confirmation of the Chapter 11 plan, but was explicitly vested in a liquidating trust, over' which the bankruptcy court preserved exclusive jurisdiction. This pulls the rug out from under any argument that the forum selection clause in the operating agreement for Avalon Nevada undermined Neves fails in his argument that the trustee abandoned the estate’s claim to funds disbursed pursuant to the membership interest in excess of $4 million. Although the trustee asked for a direct disbursal of funds to Neves, he did so avoid unnecessary bonding costs, after reminding the court explicitly that the Avalon Nevada interest “is property of the estate,” and that “all rights related to the property are distributable to the estate.”

Other claims

Neves has failed to allege any specific facts with respect to the reasonableness of the engineering fees paid to Great American Capital (“GAC”) or any other issue that would necessitate an evidentiary hearing. We agree with the district court that section 3.10 of the operating agreement for Avalon Nevada provided broad authority regarding compensation sufficient to cover the engineering fees. We reject Neves’s claim that he is entitled to a preferred return on the membership interest beyond December 16, 2005, as it rests entirely on his failed argument that GAC wrongfully invoked the bankruptcy court’s jurisdiction.
Finally, because Neves’s attorney received GAC’s letters making capital calls and foiwarded them on to Neves, interest was appropriately charged on the funds advanced to cover Neves’s shortfall. It is settled that “notice in the prescribed manner is not required where a party has actual notice and has not suffered prejudice.” Wickahoney Sheep Co. v. Sewell, 273 F.2d 767, 770 (9th Cir.1959).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.